## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| SHAWN DONNELL ROBINSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | 4:22-CV-71-HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

### Background

On September 27, 2016, movant pled guilty to conspiracy to possess with the intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) and 846. *See United States v. Robinson*, Case No. 4:15-CR-100-HEA (E.D. Mo.). On January 5, 2017, the Court sentenced movant to 120 months' imprisonment, followed by five years of supervised release. *Id.* Movant did not appeal.

### Discussion

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

    (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(f)(1) and is subject to summary dismissal. An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final fourteen days after the judgment was entered on January 5, 2017. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on January 19, 2018. The instant motion was signed by and placed in the prison mail system by movant on January 10, 2022. Therefore, it appears to be time-barred.

The one-year limitations period may be equitably tolled when a movant establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGugliemo*, 544 U.S. 408, 418 (2005); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). This doctrine,

2

however, gives a habeas petitioner "an exceedingly narrow window of relief." *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer*, 231 F.3d at 463 (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

The Eighth Circuit Court of Appeals has repeatedly held that faulty legal assistance alone does not warrant equitable tolling of the statute of limitations. *See Beery v. Ault*, 312 F.3d 948, 951 (8th Cir. 2002) ("[i]neffective assistance of counsel generally does not warrant equitable tolling"); *Sellers v. Burt*, 168 Fed. Appx. 132, 133 (8th Cir. 2006) (unpublished opinion) (rejecting argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"); *Greene v. Washington*, 14 Fed. Appx. 736, 737 (8th Cir. 2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion); *Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003) (finding no equitable tolling where petitioner alleged attorney did not perform adequately at trial, did not vigorously pursue a motion to suppress, knew petitioner could not assist in her defense, and stated that "no other court would hear her case").

Movant will be required to show cause why this action should not be dismissed as time-barred. To the extent he believes he is entitled to the defense of equitable tolling, he must provide facts showing that he has pursued his rights diligently or that extraordinary circumstances prevented him from presenting his claims in a timely fashion.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than thirty (30) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed without further proceedings.

Dated this 27th day of January, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE