UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAWN DONNELL ROBINSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:22-CV-71 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Respondent's Motion to Dismiss Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. Petitioner has filed a response to the Motion. Having carefully reviewed Petitioner's response, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2255.

In September 2016, Petitioner pled guilty to conspiracy to possess with intent to distribute in excess of 1 kilogram of heroin under 21 U.S.C § 846 and 841(a)(1). *United States v. Robinson*, No. 4:15-CR-100 HEA ("Crim. Case"), On January 5, 2017, the Court sentenced him to 120 months' imprisonment. Petitioner did not appeal his conviction and sentence. Under the one-year limitation period provided in 28 U.S.C. § 2255, Petitioner had until January 19, 2018, to file this motion. See *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019) (per curiam) ("Motions under § 2255 are subject to a one-year limitations period.

In practice, this usually means that a prisoner must file a motion within one year of 'the date on which the judgment of conviction becomes final.'").

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed a one-year statute of limitations on motions by prisoners seeking to modify, vacate, or correct their federal sentences. *Johnson v. United States*, 544 U.S. 295, 299 (2005). The one-year time limit generally begins to run on the date the prisoner's judgment of conviction becomes final. See 28 U.S.C. § 2255.

Petitioner does not dispute that his conviction became final on January 19, 2017, and his time for filing his § 2255 motion was on or before January 19, 2018. He filed his § 2255 motion on January 19, 2022, some four years after the deadline.

Petitioner asks the Court to excuse his untimely filing. This would require the Court to apply the equitable tolling doctrine to excuse his untimely filing of this § 2255 motion. The Court finds equitable tolling is not warranted in this case.

The Eighth Circuit has established two tests for determining when equitable tolling of the limitation period for filing a motion to vacate is appropriate: (1) whether extraordinary circumstances beyond Petitioner 's control kept him from filing a timely motion; or (2) whether Petitioner relied on government conduct that lulled him into inaction. See *United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006) (citations omitted). Additionally, equitable tolling should only apply where a petitioner has demonstrated diligence in pursuing the matter.

2

Petitioner claims ineffective assistance of counsel and "newly discovered evidence." Petitioner does not elaborate on neither the substance nor the timing of the alleged newly discovered evidence.

For newly discovered evidence, "the one-year statute of limitations begins to run from 'the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence.'" *Ingram v. United States*, 932 F.3d 1084, 1088 (8th Cir. 2019) (quoting 28 U.S.C. § 2255(f)(4). Petitioner has failed to provide any information related to the specific substance of any newly discovered evidence and when this newly discovered evidence was obtained. Thus, he has failed to establish he is eligible for application of any equitable tolling of the one-year limitation period  See *Ingram,* 932 F.3d at 1088–89 (explaining that petitioners must show both "the existence of a new fact" and "that he acted with diligence to discover the new fact").

The Eighth Circuit has refused to apply equitable tolling in situations where the petitioner complained about his attorney. See *Muhammad v. United States*, 735 F.3d 812, 815-16 (8th Cir. 2013) (finding an attorney's negligence or mistake is not generally an extraordinary circumstance, "however serious attorney misconduct, as opposed to mere negligence, may warrant equitable tolling.") (internal quotations omitted) (citing *United States v. Martin*, 408 F.3d 1089 (8th Cir. 2005)). Here, Petitioner takes issue with his attorney's advocacy and zeal in his underlying criminal case. Based on Eighth Circuit case law, however, this is not enough to

3

establish extraordinary circumstances. The Court finds that Petitioner has not demonstrated extraordinary circumstances beyond his control, making it impossible to file him § 2255 motion on time.

Finally, Petitioner has not addressed whether he acted with due diligence. Petitioner does not explain why his motion was four years late or how he was diligent in pursuing his rights during this time. For these reasons, the Court finds that the doctrine of equitable tolling does not apply, and Petitioner's motion must be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion to vacate, set aside, or correct illegal sentence pursuant to 28 U.S.C. § 2255 is DISMISSED. See Rule 4 of the Rules Governing § 2255 Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. See 28 U.S.C. § 2253.

An Order of Dismissal will accompany this Opinion, Memorandum, and Order.

Dated this 18th day of November, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

4